IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chicago Day Laborer Committee, Juan Doe, Jose Doe, Jaime Doe, Francisco Doe, Joel Doe<br><br>    Plaintiffs<br><br>v.<br><br>City of Chicago, Officers A.W. Sherlock and Officer A. Trapalis, in their individual and official capacities, Robert G. Degenhart, Does 1-20, Home Depot<br>    Defendants. | FILED: JUNE 13, 2008<br>08CV3425<br>JUDGE COAR<br>MAGISTRATE JUDGE SCHENKIER<br><br>TC<br><br>Jury Demanded |

## COMPLAINT

Plaintiffs complain against the defendants as follows:

### JURISDICTION AND VENUE

1.  This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, as amended ("Section 1983") for violations of plaintiffs' constitutional rights and they also plead supplemental state law claims.

2.  Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to Section 1983 and state law.

3.  Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1331, 1343(a); and 28 U.S.C. Sec. 1367.

4.  This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Section 1391(b), as the events complained of occurred in this district.

### PARTIES

5.  Plaintiff Chicago Day Laborer Committee, is an organization formed to advocate for,

    provide support for, and defend the right of workers to seek work through traditional means such as standing in public places waiting for contractors or employers to employ them.

6.  Plaintiffs Juan Doe, Jose Doe, Jaime Doe, Francisco Doe, Joel Doe were at all times relevant, present within the United States of America and are entitled to all the rights, privileges and immunities guaranteed to all people within the United States under the Constitution and Laws of the United States. The individual plaintiffs have practiced the profession of day laborer which involves seeking work from employers who hire workers from public locations where they gather and both are members of the Committee

7.  Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, is the employer of the individual defendants and is responsible for the policies, practices and customs of the Chicago Police Department.

8.  Defendant police officers, were responsible for the arrests of individual plaintiffs and at all times relevant herein, were employees of the CPD who participated in the execution of the police actions complained of herein

9.  Doe one, is the Superintendent of Police of the City of Chicago, with responsibility for supervising, training, assigning, administrating and controlling all officers and employees of the Chicago Police Department.

10. Does 2 through 20, were employees of the CPD who participated in the execution of the police actions complained of herein. The true names and identities of defendants designated as Does 2 through 20, inclusive, are unknown to plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend their complaint to

show the true names and identities of these defendants when they have been ascertained.

11. Defendant Robert G. Degenhart, was the owner of a business who falsely complained to the CPD, and who participated in the execution of the police actions complained herein. Additionally, some of these defendants signed a criminal complaint against one or more of the plaintiffs.

12. Defendant Home Depot is a retailer specializing in home improvement products.

## FACTS

13. Individual plaintiffs are employed as day laborers.

14. Day laborers practice a profession which has been practiced at least as far back as the great Depression of the 1930s. Probably in response to a massive downturn in the economy and the inability to secure permanent full-time employment, skilled laborers took to the streets to make known their availability for employment utilizing the various skills and trades that they had learned.

15. In Chicago, day laborers have been a presence for at least a decade on various street corners within the city of Chicago, and in the parking lots of commercial retail centers often around home-improvement stores.

16. In some areas of the city, the laborers stand on public street corners and another areas of the city they're allowed to occupy private property such as the parking lots of gas stations and other commercial establishments to seek work.

The Belmont Arrests

17. On or about April 7, 2006, plaintiff Juan Doe, and other unnamed individuals was standing on the sidewalk outside of a business located at 3800 West Belmont Ave.

18. The business housed within the building was a manufacturing business that had no retail business on the premises and had a parking lot at the rear of the building and an entrance from the parking lot in the rear of the building which employees use to enter and exit the building.

19. Juan Doe was standing on the public sidewalk in front of the building when a police cruiser arrived. Juan Doe and two other men standing there were detained and after the police officer spoke with defendant Degenhart the three men were arrested and were taken to the police station at 5555 West Grand Avenue, i.e. Grand and Central.

20. At no time did any police personnel give any order to disperse, make any warning of impending arrests or advise persons that their conduct was unlawful.

21. Nor was plaintiff engaged in any unlawful conduct as he was standing peacefully on the public sidewalk awaiting the opportunity of work.

22. Plaintiff was required to provide information to defendants concerning his identity, employment and other matters which were recorded on official police reports, and upon information and belief, continue to be maintained at the police stations

23. Plaintiff had his fingerprints taken, photograph taken, was subject to questioning and was ultimately charged with criminal trespass.

24. Plaintiff was detained for several hours until he were processed, fingerprinted and a background check was run.

25. At the time of plaintiff's arrest, there was no probable cause for his arrest, and the defendant officers did not have reasonable grounds to believe that plaintiff was committing a crime.

26. At all relevant times herein, the defendant officers were acting in the course and scope of

their employment as Chicago police officers.

27. At all relevant times herein, the defendant officers were acting under color of state and local law.

28. Defendants knowingly and intentionally disregarded plaintiff's constitutional rights.

29. Defendants' conduct was malicious, willful and wanton, and with a design to oppress and injure the plaintiff.

30. Each of the defendants caused, and is responsible for the unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting into motion, policies, practices, plans or actions that led to the unlawful conduct: by failing and refusing with deliberate indifference to plaintiff's rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

31. As a direct and proximate result of these defendants' actions, as detailed above, plaintiff has suffered and continues to suffer, inter alia, suffering, mental distress and anguish, humiliation, loss of liberty, loss of income, and legal expenses.

32. Plaintiff was forced to appear in court on three occasions and ultimately was tried for the offense of criminal trespass and was made to defend against false charges that he engaged in criminal conduct, namely criminal trespass.

33. The charges against Juan Doe were dismissed on June 15, 2006, after three court appearances. The judge entered a directed verdict finding that the state has failed to meet

its burden of proof and could not do so against the individual plaintiff.

34. Juan Doe did not commit a crime, did not resist arrest, was never ordered to disperse, did not witness nor hear any police warnings, and was never informed that they had to leave the area.

35. The treatment suffered by individual plaintiff Juan Doe is typical and characteristic of the treatment that day laborers routinely receive at the hands of Chicago police officers.

**The Home Depot arrests**

36. Plaintiffs Jose Doe, Jaime Doe, Francisco Doe were all arrested on or around November 23, 2008 at the Home Depot located at the intersection of Western and 47th Streets in Chicago.

37. All were standing outside the parking lot when a person in a white van in the lot motioned for the men to approach the vehicle.

38. Almost immediately unmarked cars descended on the men and arrested all of them for criminal trespass.

39. Prior to their arrest none of the men were told to disperse, leave the premises or otherwise advised that their presence would lead to arrest for criminal trespass.

40. Nor were plaintiffs engaged in any unlawful conduct

41. Plaintiffs were required to provide information to defendants concerning his identity, employment and other matters which were recorded on official police reports, and upon information and belief, continue to be maintained at the police stations

42. Plaintiffs had their fingerprints taken, photographs taken, werer subject to questioning and were ultimately charged with criminal trespass.

43. Plaintiffs were detained for several hours until they were processed, fingerprinted and a background check was run.

44. At the time of plaintiffs' arrests, there was no probable cause for the arrests, and the defendant officers did not have reasonable grounds to believe that plaintiffs were committing a crime.

45. At all relevant times herein, the defendant officers were acting in the course and scope of their employment as Chicago police officers. The officers who participated in this arrest have yet to be identified.

46. At all relevant times herein, the defendant officers were acting under color of state and local law.

47. Defendants knowingly and intentionally disregarded plaintiffs' constitutional rights.

48. Defendants' conduct was malicious, willful and wanton, and with a design to oppress and injure the plaintiffs.

49. Each of the defendants caused, and is responsible for the unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting into motion, policies, practices, plans or actions that led to the unlawful conduct: by failing and refusing with deliberate indifference to plaintiff's rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

50. As a direct and proximate result of these defendants' actions, as detailed above, plaintiffs

has suffered and continues to suffer, inter alia, suffering, mental distress and anguish, humiliation, loss of liberty, loss of income, and legal expenses.

51. The charges against the three men were dismissed when no one appeared in court either from the Chicago Police Department or Home Depot at the arraignment on January 2, 2008.

**Class allegations**

51. Day laborers are often arrested for no reason, without probable cause and with full knowledge by the arresting officers that no crime has been committed.

52. There are often mass arrests of day laborers, where several of the day laborers are arrested at once, taken to the station, booked, and detained until the officers in charge decide to release them, usually on an individual recognizance bond.

53. The workers are forced to present themselves in court to defend against the frivolous charges, and as a result are often forced to miss work and incur other expenses in defending against such frivolous charges.

54. Often the charges are dismissed immediately because the charging or arresting officer fails to show up for court.

55. Occasionally the officer does show up, occasioning further court appearances and the intervention of attorneys on behalf of the workers.

56. Day laboreres in some locations are subject to harassment and repeated violations of their constitutional rights, for instance in one public park, day laborers are told to leave the public park by 10 am.

57. Arrests for trespass against day laborers who stand on public sidewalks are also common.

COUNT I
FALSE ARREST 1N VIOLATION OF SECTION 1983
BROUGHT BY INDIVIDUAL PLAINTIFFS

58. Paragraphs 1-57 are realleged the same as though fully pleaded herein.

59. Defendants arrested the individual plaintiffs falsely, wrongfully, and without reasonable suspicion or probable cause.

60. Defendants deprived the plaintiffs of their liberty without due process, in violation of their Fourteenth Amendment rights to be free from unreasonable search and seizure, and 42 U.S.C. Sec. 1983.

61. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

62. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

COUNT II
WRONGFUL. DETENTION AND IMPRISONMENT IN VIOLATION OF
SECTION 1983 BROUGHT BY INDIVIDUAL PLAINTIFFS

63. Paragraphs 1-62 are realleged the same as though fully pleaded herein.

64. Defendants detained and imprisoned the plaintiffs falsely, wrongfully, and without reasonable suspicion or probable cause.

65. Defendants deprived the plaintiffs of their liberty without due process of law, in violation of their Fourteenth Amendment rights and 42 U.S.C. 1983.

66. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

67. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

COUNT III
VIOLATION OF FIRST AMENDMENT RIGHTS UNDER SECTION 1983
BROUGHT BY INDIVIDUAL PLAINTIFFS

68.  Paragraphs 1-67 are realleged the same as though fully pleaded herein.

69.  Plaintiffs, who were engaged in lawful First Amendment activity on the public streets and sidewalks of the City of Chicago, were acting reasonably within time, manner and place restrictions and were not provided any alternative channels for their expression.

70.  Defendants arrested plaintiffs in order to intimidate them and prevent them from returning to exercise their First Amendment rights to assemble peaceably and to express their message of needing and being available for work.

71.  The actions of defendants in falsely detaining, arresting and imprisoning plaintiffs who were exercising their constitutional rights to freedom of association and expression violated their First Amendment rights and 42 U.S.C. See. 1983.

72.  Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

73.  As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

COUNT IV
CONSPIRACY TO VIOLATE SECTION 1983 BROUGHT BY INDIVIDUAL PLAINTIFFS

74.  Paragraphs 1-73 are realleged the same as though fully pleaded herein.

75.  Defendant Officers and Degenhart and Home Depot knowingly and voluntarily entered into and participated in an agreement and common scheme to violate plaintiffs' constitutional rights.

76. Defendants had constructive notice of, or exhibited deliberate indifference to, the violations of plaintiffs Fourteenth Amendment rights.

77. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights. The defendants' conduct constitutes a violation of 42 U.S.C. Sec. 1983.

78. As a proximate result of the practices alleged herein, the plaintiffs have suffered damages and irreparable injury.

COUNT V
PRACTICE AND CUSTOM CLAIM UNDER SECTION 1983
BROUGHT BY ALL PLAINTIFFS

79. Plaintiffs reallege paragraphs 1 through 78.

80. The Chicago Police Department has by General Order, formally acknowledged its obligation to train its officers regarding their conduct and the public's rights under the First and Fourteenth Amendments to the United States Constitution.

81. The CPD has ignored this obligation and permits its officers to ignore First and Fourteenth Amendment rights.

82. The actions of the individual defendants were done pursuant to one or more interrelated de facto as well as explicit policies, practices and/or customs of the City of Chicago and its police department.

83. Upon information and belief, higher ranking police officials planned, authorized, directed, ratified and/or acquiesced in the unconstitutional and unlawful police actions complained of herein.

84. At all times material to this complaint the defendant City and its police department had interrelated de facto policies, practices, and customs which included, inter alia, the failure

       to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers engaged in committing violations of police department rules and regulations, including the excessive use of force, false detentions, false arrests, false imprisonments, the harassment of civilians exercising their First Amendment Rights, and the manufacturing of false reports and statements as well as the encouragement of false detentions, false arrests, and false imprisonments.

85. The policies, practices and customs, as set forth above, were maintained and implemented with deliberate indifference, and were a direct and proximate causes of said constitutional, statutory, common law violations, and injuries to the plaintiffs.

## COUNT VI
### FALSE ARREST UNDER STATE LAW BROUGHT BY INDIVIDUAL PLAINTIFFS

86. Paragraphs 1-85 are realleged the same as though fully pleaded herein.

87. Defendant officers arrested the plaintiffs falsely, wrongfully, and without reasonable grounds to believe that they had violated the law.

88. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights.

89. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT VII
### FALSE IMPRISONMENT UNDER STATE LAW BROUGHT BY INDIVIDUAL PLAINTIFFS

90. Paragraphs 1-89 are realleged the same as though fully pleaded herein.

91. Defendant officers detained and imprisoned the plaintiffs falsely, wrongfully, and without

reasonable grounds to believe that they had violated the law.

92. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights.

93. As a proximate result of the actions alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT VII
### CLAIM FOR MALICIOUS PROSECUTION BROUGHT BY INDIVIDUAL PLAINTIFFS

94. Plaintiffs reallege paragraphs 1 through 92.

95. Plaintiffs were subjected to judicial proceedings for which there was no probable cause, the defendants instituted the proceedings maliciously, and the proceedings were terminated in the plaintiffs' favor, and the charges dismissed, indicative of their innocence.

96. Individual officer defendants and defendants Degenhart and Home Depot committed the tort of malicious prosecution.

97. As a result of the practices alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT IX
### CIVIL CONSPIRACY UNDER STATE LAW BROUGHT BY INDIVIDUAL PLAINTIFFS

98. Paragraphs 1-97 are realleged the same as though fully pleaded herein.

99. The individual officer defendants and defendants Degenhart and Home Depot knowingly and voluntarily entered into and participated in an understanding, agreement and common scheme to commit the unlawful acts alleged above.

100. The decision and related activities involved in the arrests of the plaintiffs without probable cause and the maltreatment of plaintiffs on the street and in the jails, were part of, and were

overt acts taken in furtherance of, the conspiracy.

101. In furtherance of this conspiracy or conspiracies, the defendants committed the overt acts set forth above.

102. Defendants acted willfully, maliciously, and in wanton disregard for plaintiffs' rights.

103. As a result of the practices alleged herein, the plaintiffs have suffered damages and irreparable injury.

## COUNT X
### RESPONDEAT SUPERIOR CLAIM BROUGHT BY ALL PLAINTIFFS

104. Plaintiffs reallege paragraphs 1 through 102.

105. Defendants individual defendant police officers were, at all times relevant to this Count, employees and agents of the defendant City of Chicago. Each of the above named individual defendants was acting within the scope of their employment, and their acts and omissions are directly chargeable to their employer the defendant City of Chicago under state law pursuant to repondeat superior.

WHEREFORE, plaintiffs pray for the following:

(a) Trial by Jury on the charges raised in this Complaint and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgment be issued that plaintiffs' rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the acts cited;

(c) That this the Court permanently enjoin defendants, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the

unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That plaintiffs have and recover from the defendants pre and post judgment interest, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses and for any other damages to which plaintiffs may be entitled under federal and/or state law;

(e) That plaintiffs be warded reasonable attorney's fees pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. Section 1988 and any other attorney fee statutes;

(f) That this Court issue a preliminary and permanent injunction ordering defendants to return and destroy all documents and records relating or referring to plaintiffs' arrests and any other reference to plaintiffs in police tiles based on their arrests on April 06, 2006;

(g) That this Court issue a preliminary and permanent injunction ordering defendants to have all records of plaintiffs expunged and ensure that all files are returned to plaintiffs from all applicable government bodies, *including* but not limited to the Department of Homeland Security, the FBI, the CIA, the Illinois State Police, and act to expunge all electronic files, fingerprint records and all other records that may have been created in regard to these *wrongful* arrests and prosecutions with all applicable agencies.

(h) That this Court such other relief as it deems just and proper.

By: /s/ Jorge Sanchez
One of plaintiffs' attorneys

Jorge Sanchez
Despres Schwartz and Geoghegan
77 West Washington Street
Suite 711
Chicago, Illinois 60602
(312) 372-2511 ext. 18